**YU YIN YANG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,[1] Respondent.**

**Docket No. 03–40736 AG.**

United States Court of Appeals, Second Circuit.

Nov. 3, 2005.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Alexander K. Yu, New York, NY, for Petitioner.

Christopher R. Donato, Assistant United States Attorney (Michael J. Sullivan, United States Attorney for the District of Massachusetts), Boston, MA, for Respondent.

Present: MINER, SACK,
SOTOMAYOR, Circuit Judges.

Yu Yin Yang petitions for review of a BIA decision affirming the Immigration Judge's ("IJ") decision denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

 This Court generally reviews only the final order of the BIA, but when the BIA adopts the IJ's decision and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the IJ's and BIA's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v.*

*INS,* 232 F.3d 279, 287 (2d Cir.2000)). This Court also uses the substantial evidence standard to review credibility determinations, and its review of an adverse credibility determination is "highly deferential." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005)(*per curiam*). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his [or her] claims of persecution, or on contrary evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004).

 In this case, the IJ and BIA found that the following discrepancies, inconsistencies, and implausibilities, *inter alia,* caused Yang's testimony not to be credible: (1) Yang testified that she had an IUD inserted in January 1998, but submitted a document reflecting that she had an IUD inserted in July 1998; (2) Yang testified that after the IUD was inserted, she was required to undergo three or four gynecological checkups a year, but submitted only one certificate stating that she went for an annual checkup in June 1998; (3) When asked to be specific about the number of census and family planning officials that came to her house, Yang did not give consistent numbers; (4) Yang testified that a fine for missing her August 2000 checkup was paid on August 5, but the receipt of the fine in the record reflected that it was paid on August 3, the day it was issued; and (5) Yang stated that her husband was in hiding, but the return address on the letter from her husband was their home address in China, reflecting that he was not in hiding.

Although some of the other implausibilities found by the IJ are questionable, this Court cannot conclude that "a reasonable adjudicator [would be] compelled to find otherwise" on the specific grounds listed by the BIA in affirming the IJ. *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005); *see INS v. Elias–Zacarias,* 502 U.S. 478, 481, n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (noting that the mere plausibility of a different conclusion is not sufficient to justify reversal of a BIA or IJ decision, rather, this Court "must find that the evidence not only *supports* th[e] conclusion [that the applicant is eligible for asylum], but *compels* it.").

For the foregoing reasons, the petition for review is hereby DENIED.